UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACRISURE, LLC,

    Plaintiff,

v.

MARC HUDAK,

    Defendant.

_____/

Case No. 1:22-cv-17

Hon. Hala Y. Jarbou

## **ORDER**

Before the Court are Plaintiff/Counter-Defendant Acrisure, LLC's motions to remand (ECF No. 5) and to expedite consideration of the motion to remand (ECF No. 15). For the reasons stated below, the Court will deny these motions.

Acrisure brought suit against Defendant Marc Hudak in state court for breach of contractual non-solicitation and non-competition obligations. Hudak filed a notice of removal on January 7, 2022. Acrisure argues that Hudak received service on December 7, 2021 and therefore removal was untimely by one day. The federal removal statute provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). However, the "30-day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (quoting *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, at *3 (6th Cir. 1991) (unpublished table case)); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011). "If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other

proper paper' that contains solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364 (quoting 28 U.S.C. § 1446(b)(3)).

Here, as the Court's show cause order on January 10, 2022, indicated, Acrisure's complaint on its face failed to properly identify the citizenship of its members, as is required to determine diversity jurisdiction for limited liability corporations. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). Acrisure's complaint stated only that it "is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan." (State Compl., ECF No. 2-2, PageID.27.) The complaint did not contain solid and unambiguous information such that Hudak could remove the case from the date of service and Acrisure has not argued or shown that Hudak received any documents that contained such information before December 8, 2021. Therefore, the notice of removal is timely and the motion to remand will be denied.

The motion to expedite consideration of the motion to remand is moot. The Court declines to *sua sponte* sanction Plaintiff's counsel as Defendant requests.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite consideration of the motion to remand (ECF No. 15) is **DENIED** as **MOOT**.

Dated:  February 1, 2022                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            UNITED STATES DISTRICT JUDGE